UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OKSANA KOTOK,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

Case No. 2:17-cv-00191-BAT

**ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES**

Oksana Kotok appealed the denial of her application for disability benefits under Title II and supplemental income benefits under Title XVI of the Social Security Act. Dkt. 1. On July 5, 2017, the Court reversed the decision of the Commissioner and remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 12. On remand, the ALJ was directed to clarify his assessment of Ms. Kotok's English language proficiency and determine how language limitations impact her ability to perform jobs otherwise available and existing in significant numbers in the economy. *Id.* at 14-15.

Ms. Kotok seeks an award of fees in the amount of $1,959.50 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. She is not seeking costs. Dkt. 14, 14-1. The Commissioner argues no fees should be awarded because her position in the case was substantially justified or in the alternative, any fees awarded should be reduced because the fee sought is unreasonable in light of the limited nature of plaintiff's success. Dkt. 15. For the

ORDER GRANTING PLAINTIFF'S MOTION
FOR EAJA FEES - 1

reasons discussed below, the Court **GRANTS** plaintiff's motion for EAJA attorney fees of $1,959.50.

## DISCUSSION

The EAJA authorizes payment of attorney's fees to a prevailing party in an action against the United States, unless the court finds that the government's position on the merits in the litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Ms. Kotok is the "prevailing party" as she received a remand pursuant to sentence four of 42 U.S.C. § 905(g) for further administrative proceedings. *Flores v. Shalala*, 49 F.3d 562, 567–68 (9th Cir. 1995).

**A.    Substantial Justification**

To show that its position was "substantially justified" the government must demonstrate that its position had a reasonable basis in both law and fact at each stage of the proceedings. *Tobeler v. Colvin,* 749 F.3d 830, 832–34 (9th Cir. 2014).

The Commissioner argues the ALJ's decision was substantially justified because it was reasonable to conclude that specific limitations (no writing reports or reading instructions in English) were only inconsistent with Level 3 jobs (not Levels 1 and 2) and a more realistic approach would be to look at the first level that requires "using correct English." *Id.* at 3-4.

The Court actually found: (1) the ALJ's conclusion at step 5 that Ms. Kotok "is able to communicate in English" is internally inconsistent with his finding that Ms. Kotok had "limited communication in English" and was restricted to jobs with no requirement to read instructions or write reports in English; (2) neither the ALJ nor the Vocational Expert ("VE") addressed how an inability to read instructions or write reports with a limited communication in English would impact Ms. Kotok's ability to find and perform the jobs identified by the VE; (3) the ALJ failed to inquire whether the VE's testimony was consistent with the Dictionary of Occupational

1 ("DOT") titles, or reasonably explain why he relied on testimony that conflicted with the DOT;

2 and (4) even assuming Ms. Kotok can perform the jobs posited by the VE requiring only Level 1

3 language skills, the error was still not harmless because, after eliminating the Level 2 language

4 skills positions, no significant number of jobs existed. Dkt. 12 at 5-10.

5 Thus, the Commissioner has failed to demonstrate both the underlying agency position

6 and her position on appeal were reasonably based in law and fact and therefore substantially

7 justified.

**B.     EAJA Standards:  Reasonableness of Fees**

The next question is whether the fees requested by Ms. Kotok are reasonable, both in terms of the hourly rate and number of hours expended. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (using lodestar method, court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate, excluding hours that are excessive, redundant, or otherwise unnecessary).

Ms. Kotok's requested hourly rate ($195.95) is the same as the Ninth Circuit's published statutory maximum EAJA rates for the first half of 2017.[1]  The number of hours spent on this case – 10 hours – is also not objectively unreasonable as compared with similar cases. *See Costa*, 690 F.3d at 1136 (20 to 40 hours is the commonly requested and granted range of hours for social security appeals). The Commissioner argues, however, that the fees requested are unreasonable because Ms. Kotok prevailed on only one issue, did little work on that issue, and did not receive an award of benefits. Dkt. 15 at 4-5.

---

[1] *See*: http://www.ca9.uscourts.gov /content/view.php?pk_id=0000000039 (statutory maximum rate for the first half of 2017 is $195.95).

ORDER GRANTING PLAINTIFF'S MOTION
FOR EAJA FEES - 3

"It remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount . . . . [T]he most critical factor is the degree of success obtained." *Id*. at 436; *accord Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005).

The amount of fees sought in this case is clearly not excessive. Moreover, the Court declines to penalize Ms. Kotok when her counsel correctly spotted and raised the ALJ's error in failing to fully consider the effects of Ms. Kotok's limited English proficiency when those effects determine whether Ms. Kotok can actually find and perform work.

## CONCLUSION

The Court **GRANTS** Ms. Kotok's motion (Dkt. 14) and **ORDERS** the Commissioner to pay plaintiff's attorney fees of **$1,959.50**. If the EAJA fees are not subject to any offset allowed under the Department of Treasury's Offset Program, then the check should be made payable to Ms. Kotok's attorney, Ryan A. Johnson, based upon Ms. Kotok's assignment of these amounts to counsel. Any check for EAJA fees shall be mailed to David B. Vail, Jennifer M. Cross-Euteneier & Associates, at 819 Martin Luther King Jr. Way, Tacoma, WA 98415-0707.

DATED this 22nd day of September, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge